UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| WASHINGTON FRONTIER LEAGUE BASEBALL, LLC, and STUART A. WILLIAMS, | ) ) ) ) | |
| Plaintiffs, | ) ) | No. 1:14-cv-01862-TWP-DML |
| v. | ) ) ) | |
| MICHAEL E. ZIMMERMAN, MKE BASEBALL, LLC, MKE SPORTS & ENTERTAINMENT, LLC, FRONTIER PROFESSIONAL BASEBALL, INC., W. CHRIS HANNERS, BRYAN WICKLINE, and JOSHUA E. SCHAUB, | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**ENTRY ON MOTION TO RECONSIDER**

This matter is before the Court on a Motion to Reconsider filed by Plaintiffs Washington Frontier League Baseball, LLC ("Washington Club") and Stuart A. Williams ("Mr. Williams") (collectively "Washington") ([Filing No. 74](#)). Following motions to dismiss filed by Defendants Michael E. Zimmerman, MKE Baseball, LLC, and MKE Sports & Entertainment, LLC (collectively "Zimmerman Defendants") and Defendant Frontier Professional Baseball, Inc. ("Frontier League"), the Court dismissed with prejudice Count II of Washington's Amended Complaint. Washington asks the Court to reconsider that ruling. For the following reasons, the Court **DENIES** the Motion to Reconsider.

I.     **LEGAL STANDARD**

Although motions to reconsider are not specifically authorized by the Federal Rules of Civil Procedure, courts in the Seventh Circuit apply Rule 59(e) or Rule 60(b) standards to these

motions. *Smith v. Utah Valley Univ.*, 2015 U.S. Dist. LEXIS 70271, at *3–4 (S.D. Ind. June 1, 2015). A motion to alter or amend under Rule 59(e) "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). If timely filed, a motion styled as a motion to reconsider should be considered under Rule 59(e). *Kiswani v. Phoenix Sec. Agency, Inc.*, 584 F.3d 741, 742 (7th Cir. 2009). The Court issued its Order on Motions to Dismiss (Filing No. 73) on November 18, 2015. Washington filed its "Motion to Reconsider" (Filing No. 74) on December 2, 2015, only fourteen days after the Court's Order. Therefore, the Court will analyze the Motion as a motion to alter or amend under Rule 59(e).

      The purpose of a motion to alter or amend judgment under Rule 59(e) is to ask the Court to reconsider matters "properly encompassed in a decision on the merits." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 174 (1989). "A Rule 59(e) motion will be successful only where the movant clearly establishes: (1) that the court committed a manifest error of law or fact, or (2) that newly discovered evidence precluded entry of judgment." *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013) (citation and quotation marks omitted). Relief pursuant to a Rule 59(e) motion to alter or amend is an "extraordinary remed[y] reserved for the exceptional case." *Foster v. DeLuca*, 545 F.3d 582, 584 (7th Cir. 2008). A Rule 59(e) motion may be used "to draw the district court's attention to a manifest error of law or fact or to newly discovered evidence." *United States v. Resnick*, 594 F.3d 562, 568 (7th Cir. 2010). A manifest error "is not demonstrated by the disappointment of the losing party. It is the wholesale disregard, misapplication, or failure to recognize controlling precedent." *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000) (citation and quotation marks omitted). Furthermore, "a Rule 59(e) motion is not an opportunity to relitigate motions or present arguments, issues, or facts that could and should have

been presented earlier." *Brownstone Publ'g, LLC v. AT&T, Inc.*, 2009 U.S. Dist. LEXIS 25485, at *7 (S.D. Ind. Mar. 24, 2009).

## II. DISCUSSION

Washington asserts that the Court should reconsider its decision to dismiss with prejudice Washington's claim for tortious interference with a business relationship because "Indiana law permits relief for a claim of tortious interference with a business relationship when the relationship is in the negotiation stages." ([Filing No. 74 at 2](#) ¶3.) Washington acknowledges that case law requires something more than speculative business opportunities or possible business opportunities to support a claim for tortious interference with a business relationship. There must a level of certainty or probability to support the claim; a hope or a speculative prospect is not enough.

In opposition to the Motion to Reconsider, Frontier League asserts that the Court did not make any errors, and there has been no change in the law or facts since the submission was made to the Court. Frontier League asserts that such problems rarely arise, and motions to reconsider should be equally rare. Frontier League points out that motions to reconsider should be considered in only the rarest of circumstances, and this is not such a circumstance.

Zimmerman Defendants oppose Washington's Motion to Reconsider, explaining that Washington is simply rearguing its earlier arguments, which is not the purpose of a motion to reconsider. They also assert that the Court did not commit an error of law regarding claims for tortious interference with a business relationship.

Upon review of the Amended Complaint, the Court's Order dismissing Count II, and Washington's argument for reconsideration, the Court declines to reconsider its earlier Order because Washington has not shown a manifest error of law or fact. Instead, Washington has shown its disappointment as the losing party on its claim and appears to try to relitigate the level of

certainty of its prospective opportunity to enter into a business relationship. This does not warrant reconsideration.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs Washington Frontier League Baseball, LLC and Stuart A. Williams's Motion to Reconsider ([Filing No. 74](Filing No. 74)) is **DENIED**.

**SO ORDERED.**

Date: 9/14/2016

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP
mwohlford@boselaw.com

Jacques C. Condon
CONDON LAW FIRM LLC
jacques@condon-law.com

Jay Jaffe
FAEGRE BAKER DANIELS LLP
jay.jaffe@FaegreBD.com

Eric J. Neidlinger
KELLER MACALUSCO LLC
eneidlinger@kellermacaluso.com

Bernie W. (Too) Keller
KELLER MACALUSO LLC
too@kellermacaluso.com

Kevin L. Murphy
KEVIN L. MURPHY PLLC
klmurphy@kevinlmurphylaw.com