UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WASHINGTON FRONTIER LEAGUE BASEBALL, LLC, and STUART A. WILLIAMS, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 1:14-cv-01862-TWP-DML<br>) |
| MICHAEL E. ZIMMERMAN,<br>MKE BASEBALL, LLC,<br>MKE SPORTS & ENTERTAINMENT, LLC,<br>W. CHRIS HANNERS, and<br>BRYAN WICKLINE, | )<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |
| FRONTIER PROFESSIONAL BASEBALL, INC., | )<br>)<br>) |
| Nominal Defendant. | ) |

## ORDER ON PENDING MOTIONS

Currently pending before the Court are a number of pre-trial motions filed by Plaintiffs Washington Frontier League Baseball, LLC (the "Washington Club"), and Stuart A. Williams (collectively, "Plaintiffs") and Defendants Michael E. Zimmerman ("Zimmerman"), MKE Baseball, LLC, and MKE Sports & Entertainment, LLC (collectively, "Zimmerman Defendants"). In preparation for trial, the Court addresses these motions as follows.

**A.      Separation of Witnesses (Filing No. 283 and No. 280)**

The Plaintiffs filed a Motion for Separation of Witnesses (Filing No. 283), and the Zimmerman Defendants also filed a similar "Notice," requesting separation of witnesses (Filing No. 280). The Court **GRANTS** the Motion. The parties are to instruct their witnesses to report to

Room #346 of the Indianapolis courthouse during trial. The parties also are to instruct their witnesses to not discuss their testimony with others either before or after it is given.

**B.     Motion for Leave to File Notice of Defenses ([Filing No. 281](#))**

The Zimmerman Defendants filed a Motion for Leave to File Notice of Defenses and request permission to file a belated statement of defenses ([Filing No. 281](#)). The case management plan directed the parties to file a statement of claims or a statement of defenses that they intend to prove at trial ([Filing No. 127 at 4](#)). These statements were due within fourteen days of the close of non-expert discovery, which was September 13, 2017. The Zimmerman Defendants neglected to timely file a statement of affirmative defenses.

The Zimmerman Defendants apologized for failing to timely file a statement of defenses and assured the Court that the failure was inadvertent and unintentional. They ask that "the filing be allowed and no sanction be issued." ([Filing No. 282 at 1](#).) They explain that at the time the statement of defenses was due, the parties were engaged in extensive summary judgment briefing. Because of the complexity and amount of work required for the summary judgment briefing, counsel inadvertently failed to file a statement of defenses. Counsel explains that, in his time practicing law, he has never encountered a filing related to a notice of defenses, and in this case, he has not missed any other filing deadlines. After learning of his oversight, counsel promptly prepared a notice of defenses, which "track[s] the anticipated jury instructions in the case as well as the Zimmerman Defendants' answer to the complaint." *Id.* at 2.

The Court concludes that it is in the interest of justice to permit the Zimmerman Defendants to file their belated statement of defenses so that they may comply with the requirements of the case management plan. Importantly, the defenses listed in the Zimmerman Defendants' Notice are not a surprise to the Plaintiffs, as these arguments have been advanced throughout the litigation,

and they were asserted in the Zimmerman Defendants' Answer. The Court determines that Plaintiffs will not be prejudiced by the late filing; therefore, Zimmerman Defendants' Motion for Leave to File Notice of Defenses ([Filing No. 281](Filing No. 281)), is **granted** and the Notice of Defenses ([Filing No. 282-1](Filing No. 282-1)) is **deemed filed as of the date of this Order**.

C.     <u>**Motion for Leave to Withdraw ([Filing No. 276](Filing No. 276))**</u>

Counsel for Nominal Defendant Frontier Professional Baseball, Inc. ("Frontier League") filed a Motion for Leave to Withdraw, requesting permission to withdraw their appearance on behalf of Frontier League ([Filing No. 276](Filing No. 276)). Counsel asserts, "In light of the Court's Order Approving Proposed Settlement of Derivative Action and Entry on Response to Order to Show Cause [], the participation of counsel for . . . Frontier League . . . in this case is no longer necessary." ([Filing No. 276 at 1](Filing No. 276 at 1).) Counsel additionally asserts, "Moreover, a situation has arisen such that continued representation of the Frontier League by the undersigned in this case in the circumstances has been rendered impossible." *Id.*

The Plaintiffs oppose the Motion for Leave to Withdraw, explaining that they are in the process of preparing a motion for sanctions under 29 U.S.C. § 1927, which allows for monetary sanctions against an attorney who unreasonably and vexatiously multiplies the proceedings. The Plaintiffs assert that the Court should defer ruling on the Motion for Leave to Withdraw until after the sanctions issue is resolved.

Without additional information from Frontier League's counsel regarding the "situation" that renders ongoing representation impossible, and in light of the anticipated § 1927 motion as well as the fact that dismissal paperwork has not yet been filed following the Court's approval of the settlement agreement, the Court is declines to rule on this motion at this time. The Court **takes the Motion for Leave to Withdraw under advisement**. Plaintiffs have ten (10) days from the

3

date of this Entry in which to file any motion for sanctions under 29 U.S.C. § 1927. If no such motion is filed, the Court will promptly rule on (and likely grant) the pending Motion to Withdraw.

### D.     **Zimmerman Defendants' Motion in *Limine* ([Filing No. 258](#))**

The Zimmerman Defendants filed a Motion in *Limine*, seeking to exclude certain evidence from trial ([Filing No. 258](#)). They seek to exclude testimony of "de facto ownership" between Chris Hanners ("Hanners") and Zimmerman, damage testimony related to "valuation of a lost opportunity" and a travel team, and a claim for "punitive damages". The Zimmerman Defendants assert that evidence concerning these three matters are "based on incorrect assumptions making them irrelevant pursuant to FRE 401 (test for relevant evidence) and excludable pursuant to FRE 403 (unfairly prejudicial, confusing or misleading)." ([Filing No. 259 at 1](#)–2.)

As the parties have correctly acknowledged, the Court has "broad discretion in ruling on evidentiary questions during trial or before on motions in *limine*." *Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002). The Court excludes evidence on a motion in *limine* only if the evidence clearly is not admissible for any purpose. *See Hawthorne Partners v. AT&T Technologies, Inc.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993). Unless evidence meets this exacting standard, evidentiary rulings must be deferred until trial so questions of foundation, relevancy, and prejudice may be resolved in context. *Id.* at 1400–01. Moreover, denial of a motion in *limine* does not necessarily mean that all evidence contemplated by the motion is admissible; rather, it only means that, at the pre-trial stage, the Court is unable to determine whether the evidence should be excluded. *Id.* at 1401.

####     1. **De facto ownership evidence**

The Zimmerman Defendants seek exclusion of evidence or argument concerning Zimmerman being a "de facto owner" of Hanners' Rock River Valley Baseball Club before

4

Zimmerman actually became an officer of the club. They point out that the Court previously limited the conspiracy claim in an earlier Order:

> To conclude, the claim for breach of fiduciary duties against the Zimmerman Defendants is dismissed, and the claim for civil conspiracy to breach fiduciary duties remains pending but is limited to the time period before the Zimmerman Defendants became officers of a Frontier League member team. At that point in time, fiduciary duties to Frontier League would have arisen, and the claim then should have been resolved through the procedures mandated by Frontier League's by-laws.

([Filing No. 116 at 17](#)–18). The Zimmerman Defendants assert that the Plaintiffs' use of "de facto ownership" arguments would go against the plain meaning of the doctrine, insert a new element into the conspiracy claim, and mislead the jury. The Frontier League did not recognize Zimmerman as a de facto owner, and the Plaintiffs should not be allowed to argue it.

In response, the Plaintiffs assert that the Zimmerman Defendants' Motion in *Limine* is really a summary judgment motion in disguise, wherein they ask the Court to adopt their version of the facts and not allow the jury to hear all the evidence and then make a determination. They explain that they do not intend to show Zimmerman was a de facto owner or officer. Rather, during trial, the Plaintiffs will present evidence showing the ongoing business relationship between Hanners and Zimmerman, which is relevant, and admissible as to the Plaintiffs' claim for civil conspiracy to breach fiduciary duties and the business relationship between the two men is a central issue for the jury to decide. Plaintiffs have acknowledged that they will not present argument or evidence regarding de facto ownership between Hanners and Zimmerman, accordingly, the Motion in *Limine* with respect to this testimony is **granted**.

2. **Damages Testimony**

Next, the Zimmerman Defendants ask the Court to exclude any evidence concerning damages testimony as to valuation of a lost opportunity and a travel team. They argue that the

5

Plaintiffs have asserted a damage theory that is not based in the facts: the Plaintiffs ask for costs associated with a travel team which the Frontier League members (not the League itself) paid for when they themselves rejected Zimmerman's application to join the League; additionally, they ask for an award of the lost fair market value of the Kokomo opportunity and the expansion fee. The Zimmerman Defendants note that the claim in this case is derivative. Since the Frontier League did not pay for the costs of a travel team, there can be no damages based on these facts. Additionally, they assert that there is no evidence available as to the fair market value of the lost opportunity, so such would be based solely on speculation and conjecture. They argue that Zimmerman's estimate of the value of the Kokomo team is not sufficient to establish a fair market value.

The Plaintiffs respond that damages awards do not require any particular degree of mathematical certainty, and such factual disputes are to be resolved by the jury as the factfinders, not by the Court. The Plaintiffs point out that the Zimmerman Defendants have argued that claiming the Frontier League was damaged by having to fund a travel team is factually incorrect, yet the correctness of factual issues is for the jury to decide, not the Court on a motion in *limine*. The Plaintiffs contend that Zimmerman's own testimony regarding the value of the Kokomo opportunity is enough evidence to allow the damages issue to be presented to the jury to decide.

The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose. The Plaintiffs are correct in that the Zimmerman Defendants' motion improperly invites the Court to resolve the factual disputes between the parties and remove that essential function from the jury. There is

Plaintiffs have asserted a damage theory that is not based in the facts: the Plaintiffs ask for costs associated with a travel team which the Frontier League members (not the League itself) paid for when they themselves rejected Zimmerman's application to join the League; additionally, they ask for an award of the lost fair market value of the Kokomo opportunity and the expansion fee. The Zimmerman Defendants note that the claim in this case is derivative. Since the Frontier League did not pay for the costs of a travel team, there can be no damages based on these facts. Additionally, they assert that there is no evidence available as to the fair market value of the lost opportunity, so such would be based solely on speculation and conjecture. They argue that Zimmerman's estimate of the value of the Kokomo team is not sufficient to establish a fair market value.

The Plaintiffs respond that damages awards do not require any particular degree of mathematical certainty, and such factual disputes are to be resolved by the jury as the factfinders, not by the Court. The Plaintiffs point out that the Zimmerman Defendants have argued that claiming the Frontier League was damaged by having to fund a travel team is factually incorrect, yet the correctness of factual issues is for the jury to decide, not the Court on a motion in *limine*. The Plaintiffs contend that Zimmerman's own testimony regarding the value of the Kokomo opportunity is enough evidence to allow the damages issue to be presented to the jury to decide.

The purpose of a motion in *limine* is not to weigh competing arguments about the strength of the parties' evidence and theories, nor is it to decide which party's assumptions are correct. A motion in *limine* weeds out evidence that is not admissible for any purpose. The Plaintiffs are correct in that the Zimmerman Defendants' motion improperly invites the Court to resolve the factual disputes between the parties and remove that essential function from the jury. There is

evidence that supports the Plaintiffs' arguments for damages related to the lost Kokomo opportunity and the travel team. Accordingly, the Motion in *Limine* on this issue is **denied**.

### 3. **Punitive damages**

Finally, the Zimmerman Defendants ask the Court to exclude any punitive damages theory from trial. They assert this case has no facts that would support a punitive damages award because there is no clear and convincing evidence showing their conduct was more than just negligent or the result of honest error. They point to the statement of undisputed facts listed in the summary judgment Order: Zimmerman was informed by the Frontier League about the Kokomo opportunity and had multiple conversations with Frontier League officials about pursuing the Kokomo opportunity. ([Filing No. 238 at 26-27](#).) When Zimmerman submitted an application to join the Frontier League, the League rejected his application. *Id*. The Zimmerman Defendants argue there is no evidence to support a claim of malice, fraud, gross negligence, or oppression to support a punitive damages request. Thus, they assert, a punitive damages theory should not be presented to the jury.

The Plaintiffs note that the issue of punitive damages is generally a factual determination that is left to the jury. They argue that, "[i]n seeking to avoid evidence of punitive damages, Defendants argue minimal facts, all favorable to their position, ignoring the mountain of evidence against their position." ([Filing No. 284 at 7](#).) They assert that the summary judgment briefing and designated evidence reveal a significant amount of evidence supporting the assertion that the Zimmerman Defendants acted with malice, fraud, and oppression. They point to evidence that Zimmerman refused multiple requests to stand down from usurping the Kokomo opportunity, and he concealed his and Hanners' actions. The Plaintiffs argue there is sufficient evidence to allow the jury to decide whether punitive damages are warranted.

7

The Court agrees that under the facts of this case, a motion in *limine* is not the proper motion to challenge punitive damages. The persuasiveness of the Zimmerman Defendants' contrary arguments and evidence is not for the Court to decide on a motion in *limine*. Therefore, the Court **denies** their Motion in *Limine* regarding punitive damages. Of course, at any time before the case is submitted to the jury, the Zimmerman Defendants may move for a Rule 50 motion for judgment as a matter of law on this issue, if deemed appropriate.

For the reasons stated above, the Zimmerman Defendants' Motion in *Limine* (Filing No. 258) is **granted in part and denied in part**.

E.  **The Plaintiffs' Motion in *Limine* (Filing No. 267)**

The Plaintiffs filed a Motion in *Limine* (Filing No. 267), seeking to exclude evidence about the special litigation committee, an arbitration proceeding between the Frontier League and the Washington Club, litigation between the Zimmerman Defendants and Hanners and Bryan Wickline ("Wickline"), certain affirmative defenses, a settlement agreement, and Plaintiffs' counsel not calling certain witnesses.

1.  **Special Litigation Committee**

The Plaintiffs ask the Court to exclude evidence about the Frontier League's special litigation committee, its litigation reports, and its recommendation against pursuing the derivative claims. They argue the Court already determined that the business judgment rule does not apply and dismissed the Frontier League's reliance on the rule. Therefore, introduction of evidence about the special litigation committee and its recommendations would confuse the issues, mislead the jury, and waste time. The Plaintiffs assert that this evidence is not relevant to the sole remaining claim, and it would be unfairly prejudicial.

The Zimmerman Defendants respond that evidence concerning the special litigation committee and its recommendations is relevant and admissible because they intend to show that the Plaintiffs do not adequately represent the interests of the Frontier League even though the claim for trial is a derivative claim brought on behalf of the Frontier League. The Zimmerman Defendants assert that this evidence directly pertains to the competing interests of the Plaintiffs and the Frontier League, which the Plaintiffs claim they represent derivatively.

The Zimmerman Defendants' argument is well taken, and the Court is not persuaded that the Plaintiffs have shown the evidence is not admissible for any purpose. Thus, the Court determines that, at this point, evidentiary rulings regarding the special litigation committee and its recommendations must be deferred until trial so that questions of foundation, relevancy, and prejudice can be resolved in context. The motion in *limine* on this issue is **denied**.

2. **Arbitration proceedings**

The Plaintiffs ask the Court to exclude evidence about an arbitration proceeding between the Frontier League and the Washington Club. They assert that evidence about the separate arbitration is irrelevant and unfairly prejudicial, would confuse the issues, would mislead the jury, and would waste time. The separate arbitration concerns whether the Frontier League should indemnify Washington Club for filing its internal complaint with the League and pursuing related actions.

In response, the Zimmerman Defendants assert that underlying the Plaintiffs' complaint is a request for attorney's fees, which the Plaintiffs believe that upon any recovery from the Zimmerman Defendants, they are entitled to an offset of their attorney's fees or the Frontier League paying their fees. The Zimmerman Defendants note that, not only has this been alleged in this case, the Washington Club engaged in separate litigation over this issue and asserted it in its

internal League complaint against the Rock River Valley Club. The Zimmerman Defendants argue that the evidence about the arbitration over indemnity and attorney's fees is relevant to the issue of the Plaintiffs' motives in this case.

The Plaintiffs have failed to show the evidence is not admissible for any purpose. Evidentiary rulings regarding the arbitration between Washington Club and the Frontier League must be deferred until trial so that questions of relevancy and prejudice can be resolved in context. The motion in *limine* on this issue is denied.

### 3. Litigation between the Zimmerman Defendants and Hanners and Wickline

The Plaintiffs seek to exclude evidence about litigation between the Zimmerman Defendants and Hanners and Wickline: a separate state court lawsuit and a federal court lawsuit. Those cases involve various breach of duties and breach of contract claims. The Plaintiffs assert that the breaches among the Zimmerman Defendants, Hanners, and Wickline are not relevant to the breaches among the Frontier League, Hanners, and Wickline in this case. Again, they assert this evidence would be unfairly prejudicial, would confuse the issues, would mislead the jury, and would waste time.

The Zimmerman Defendants respond that this evidence is directly relevant to Hanners' credibility and motives as a witness in this case. Hanners is alleged to have breached fiduciary duties in this and the separate lawsuits, and in the other state court action, Hanners is represented by counsel who also represents the Plaintiffs in this action. In a situation such as this, where the separate lawsuits involve the same facts and circumstances and relate to the motivations and actions of the parties and witnesses, this evidence should be permitted.

The Court agrees with Plaintiffs that in-depth questioning and evidence regarding these other law suits has a strong potential to be confusing, misleading and wasteful of time. However,

this evidence may be relevant and admissible for some purposes at trial. An evidentiary ruling regarding the separate litigation is best deferred until trial so that questions of relevancy and prejudice can be resolved in context. The motion in *limine* is therefore denied.

### 4. **Unpled or abandoned affirmative defenses, or unpled nonparty defenses**

Plaintiffs ask the Court to exclude evidence or argument about any unpled affirmative defenses, abandoned affirmative defenses, or unpled nonparty defenses. The Plaintiffs make this request based on the fact that the Zimmerman Defendants failed to timely file a Statement of Defenses as required by the case management plan. They argue that the Zimmerman Defendants have abandoned any right to present affirmative defenses at trial.

Although their filings were untimely, the Zimmerman Defendants did include affirmative defenses with their Answer to the Complaint, and the Plaintiffs have not been prejudiced by their failure to file a Statement of Defenses. The Zimmerman Defendants filed a separate motion for leave to file their statement of defenses, which the Court addressed above. Based on the Court's resolution of the Zimmerman Defendants' Motion for Leave to File Notice of Defenses, the Court determines that an order in *limine* excluding evidence or argument about affirmative defenses is not warranted.

### 5. **Settlement Agreement**

The Plaintiffs ask the Court to exclude evidence or argument, pursuant to Federal Rule of Evidence 408, regarding the Hanners and Wickline settlement agreement for purposes of either proving or disproving the validity or amount of a disputed claim or impeachment by a prior inconsistent statement or contradiction. ([Filing No. 267 at 6](#).) The Zimmerman Defendants do not dispute that Rule 408(a) prohibits evidence of an offer or compromise for the uses described

by Plaintiffs, however, they assert that they should be able to present evidence concerning the settlement of claims as it relates to credibility and motive.

The Motion in *Limine* is **granted** as it relates to settlement agreement evidence prohibited by Rule 408, and the parties should not attempt to elicit such testimony or evidence. If Plaintiffs believe evidence relating to the settlement agreement is relevant or admissible and offered for a non-prohibited purpose permitted by Rule 408(b), they should approach and request a hearing outside the presence of the jury for a ruling regarding admissibility.

6. **Plaintiffs' election not to call certain witness**

Finally, the Plaintiffs ask the Court to prohibit the Zimmerman Defendants from presenting evidence or argument regarding the Plaintiffs' election not to call any witness who was equally available to be called by the defense. Electing not to call a witness should not give rise to a presumption against either party.

In response, the Zimmerman Defendants explain that it appears the Plaintiffs are trying to not call officers of the Frontier League to testify at trial, which are necessary to their case. Yet the Plaintiffs have provided no detail about witnesses not being called to support their motion in *limine*. They explain, "While the Court may be in a position to determine a presumption-based instruction [regarding not calling witnesses] is warranted (or not), that is a matter for trial. To rule on that position at this stage is both premature and undeveloped." The Court agrees with the Zimmerman Defendants that an order in *limine* regarding not calling a particular witness during trial is premature and undeveloped.

For the foregoing reasons, the Court **grants in part and denies in part** the Plaintiffs' Motion in *Limine* ([Filing No. 267](Filing No. 267)). An order in *limine* is not a final, appealable order. If the

parties believe that specific evidence is inadmissible during the course of the trial, counsel may raise specific objections to that evidence.

F. **Other Pending "Motions"** ([Filing No. 278](), No. 285, No. 286 and No. 287)

The Zimmerman Defendants improperly filed a "Motion as to Objections to Deposition Summary, In *Limine* Submission, Proposed Instructions and *Voir Dire* Questions". ([Filing No. 278]()). An objection to the Plaintiffs' pre-trial filings is not a motion. In their supporting brief, the Zimmerman Defendants ask the Court to "address the matters stated herein at the upcoming pretrial conference." ([Filing No. 279 at 12]().) The Zimmerman Defendants' objections will be discussed during the final pre-trial conference.

The Plaintiffs' "Objections to Defendants' Exhibits," ([Filing No. 285]()), was also docketed as a motion rather than as an objection to the Zimmerman Defendants' trial exhibits. The filing explains the Plaintiffs' objections to numerous exhibits encompassed in four broad categories of exhibits. The Court and parties will discuss the objections during the final pretrial conference.

Similarly, the "Plaintiffs' Objection and Motion to Exclude Defendants' 'Deposition Summaries for Trial,'" ([Filing No. 286]()), was docketed as a motion rather than as an objection. Again, these objections will be discussed during the final pre-trial conference.

The Court **DIRECTS** the Clerk's office to **TERMINATE** the motion designation for the objections that have been improperly filed as "motions" at [Filing No. 278](), [Filing No. 285](), and [Filing No. 286]().

Lastly, the Plaintiffs filed a "Motion for Pre-Trial Ruling on Plaintiffs' Objections to Defendants' Exhibits" ([Filing No. 287]()). As noted above, the Court and parties will discuss the objections to exhibits during the final pre-trial conference, and then the Court will issue a ruling

13

on the objections. Therefore, the Plaintiffs' Motion for Pre-trial Ruling is **granted,** where possible the Court will issue pre-trial rulings on the remaining motions and objections.

## CONCLUSION

The Motion for Separation of Witnesses ([Filing No. 283](#)) is **GRANTED**. The Zimmerman Defendants' Motion for Leave to File Notice of Defenses ([Filing No. 281](#)) is **GRANTED**, and the Notice of Defenses ([Filing No. 282-1](#)) is **deemed filed as of the date of this Order**. The Motion for Leave to Withdraw ([Filing No. 276](#)) **remains under advisement**. The Zimmerman Defendants' Motion in *Limine* ([Filing No. 258](#)) is **GRANTED in part and DENIED in part**. The Plaintiffs' Motion in *Limine* ([Filing No. 267](#)) is **GRANTED in part and DENIED in part**. The Plaintiffs' Motion for Pre-trial Ruling ([Filing No. 287](#)) is **GRANTED.** The Clerk is **DIRECTED** to **TERMINATE** the motion designations at [Filing No. 278](#), [Filing No. 285](#), and [Filing No. 286,](#) because these objections have been improperly filed as motions.

**SO ORDERED.**

Date: 6/26/2018

_Tanya Walton Pratt_
TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

Bernie W. (Too) Keller
KELLER MACALUSO LLC
too@kellermacaluso.com

Joseph Jeffrey Landen
MURPHY LANDEN JONES PLLC
jlanden@mljfirm.com

Kevin L. Murphy
KEVIN L. MURPHY PLLC
KMurphy@MLJfirm.com

Jacques C. Condon
CONDON LAW FIRM LLC
jacques@condon-law.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Jay Jaffe
FAEGRE BAKER DANIELS LLP
jay.jaffe@FaegreBD.com

Sarah Elizabeth Sharp
FAEGRE BAKER DANIELS LLP
sarah.sharp@faegrebd.com

Eric J. Neidlinger
KELLER MACALUSCO LLC
eneidlinger@kellermacaluso.com

Daniel E. Pulliam
FAEGRE BAKER DANIELS LLP
daniel.pulliam@faegrebd.com