UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| WASHINGTON FRONTIER LEAGUE BASEBALL, LLC, and STUART A. WILLIAMS, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 1:14-cv-01862-TWP-DML ) |
| MICHAEL E. ZIMMERMAN, *et al*. | ) ) |
| Defendants. | ) ) ) |
| FRONTIER PROFESSIONAL BASEBALL, INC., | ) ) |
| Nominal Defendant. | ) ) ) |
| MURPHY LANDEN JONES PLLC, KEVIN L. MURPHY, and JOSEPH JEFFREY LANDEN, | ) ) ) ) |
| Miscellaneous. | ) |

## ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a Motion for Sanctions filed by Plaintiffs Washington Frontier League Baseball, LLC ("Washington") and Stuart A. Williams ("Williams") (collectively, "Plaintiffs") (Filing No. 311). The Plaintiffs seek sanctions against Kevin L. Murphy ("Murphy") and Joseph Jeffrey Landen ("Landen"), the former attorneys for Nominal Defendant Frontier Professional Baseball, Inc. ("the League"), for a minimum amount of $324,037.26. The League argues that Murphy and Landen were "the architects of a deceitful stratagem that infected every aspect of this case, delayed its resolution for years, and vexatiously multiplied its costs." (Filing No. 346 at 13.) The Court referred the Motion to the Magistrate Judge for a report and

recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). Magistrate Judge Tim A. Baker issued a report recommending that the Motion for Sanctions be denied ([Filing No. 344](#)). After a review of the parties' submissions, the Court finds no error of law or fact in the Report and Recommendation and therefore **overrules** the Plaintiffs' Objection ([Filing No. 346](#)), **adopts** the Magistrate Judge's Report and Recommendation ([Filing No. 344](#)), and **denies** the Plaintiffs' Motion for Sanctions ([Filing No. 311](#)).

## I. LEGAL STANDARD

A district court may assign dispositive motions to a magistrate judge, in which case the magistrate judge may submit to the district judge only a report and recommended disposition, including any proposed findings of fact. *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 760 (7th Cir. 2009). *See* 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b). "The magistrate judge's recommendation on a dispositive matter is not a final order, and the district judge makes the ultimate decision to adopt, reject, or modify it." *Schur*, 577 F.3d at 760; *see also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). After a magistrate judge makes a report and recommendation, either party may object within fourteen days. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). Further, a judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

## II. DISCUSSION

The Plaintiffs Motion for Sanctions alleges that the League's prior defense attorneys--Murphy and Landen--knowingly asserted a baseless defense, thereby perpetrating a fraud on the Court and unreasonably and vexatiously multiplying the proceedings. Under

U.S.C. § 1927, the Court has authority to order defense counsel to satisfy a sanction award *personally,* providing as follows:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof *who so multiplies the proceedings in any case unreasonably and vexatiously* may be required by the court *to satisfy personally* the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927 (emphasis added). This statute allows the Court to sanction an attorney but not a party or a law firm. *Claiborne v. Wisdom*, 414 F.3d 715, 723–24 (7th Cir. 2005). Section 1927's principal purpose is "the deterrence of intentional and unnecessary delay in the proceedings." *Beatrice Foods Co. v. New England Printing & Lithographing Co.*, 899 F.2d 1171, 1177 (Fed. Cir. 1990). Given its punitive nature, however, "28 U.S.C. § 1927 has been strictly construed." *Badillo v. Central Steel & Wire Co.*, 717 F.2d 1160, 1166 (7th Cir. 1983).

The Court referred Plaintiffs' Motion for Sanctions to the Magistrate Judge who recommended that the Motion be denied. In making the recommendation, the Magistrate Judge explained:

> To be sure, Murphy and Landen's conduct should not be emulated. But does this conduct support assessing over $324,000 in sanctions? It does not. Murphy and Landen at least have some explanation for each allegation against them. Given that this litigation has stretched on for three and a half years, there has been ample opportunity for missteps. Ultimately, the parties reached a settlement, only to result in more litigation and, now, a motion seeking a hefty sanctions award. Given all involved, further action by way of sanctions is not appropriate.

*Id.* at 1–2.

The Court agrees with the Magistrate Judge's characterizations of the work performed by Murphy and Landen. A robust discussion of the background and legal analysis of the issues raised by the parties is contained in the thorough Report and Recommendation of the Magistrate Judge (Filing No. 344 at 2–17). In summary, the Plaintiffs' argument raised in their Motion for Sanctions

focused on their view that defense counsel developed and executed a plan to defraud the Court and the Plaintiffs based on the business judgment rule and its three elements: a litigation committee comprised of independent, disinterested members; an inquiry conducted in good faith; and a recommendation that was the product of a thorough investigation.

Murphy and Landen represented that the League's special litigation committee undertook a "thorough investigation" and considered "all material facts." As has become clear throughout this spirited litigation, defense counsel's view of what constituted the material facts differed from plaintiffs' counsel's view of the material facts. Opinions differed between the parties as to what actions taken by the special litigation committee could be considered part of the investigation. Ultimately, what constituted a thorough investigation in the mind of defense counsel did not meet the legal standard for summary judgment as determined by the Court, but counsel still could legitimately present their argument (later determined to be a losing argument). The same can be said of the "disinterested members" and "good faith inquiry" arguments—the other elements of the business judgment rule advanced by defense counsel. These differing conclusions reached by the Plaintiffs, the Defendants, and the Court do not necessarily lead to the determination that defense counsel blatantly lied to the Court and acted in bad faith when advancing their views of the facts and presenting arguments based on various laws.

Because some of the members of the special litigation committee were not independent and because a thorough investigation was not performed by the committee before issuing its litigation reports, this Court determined that the special litigation committee's business decision to not pursue litigation was not entitled to deference. The Plaintiffs' argument presupposes that their narrative of the facts is one hundred percent accurate and that defense counsel knew all along

4

that the Plaintiffs' narrative was the only accurate view of the facts. As an example, the Court notes the Plaintiffs' Objection at page ten of their filing:

> [A]t one point the Report states, "As far back in this litigation as the SLC's first report, the SLC included the fact that it assumed Plaintiffs' allegations were true. [Filing No. 35-1, at ECF p. 1.]" (ECF No. 344 at 12.) This is error. One can read that original SLC Report forwards, backwards, and sideways; it does not say that the SLC assumed the facts were true, and that is the point.

(Filing No. 346 at 10.) While it is true that the first report of the special litigation committee did not explicitly use the phrase that it was "assuming the Plaintiffs' allegations were true," the report addressed each claim in the Plaintiffs' Complaint, and the factual allegations were accepted by the committee with opposing theories and damages assessments being presented.

Murphy and Landen argue that the Plaintiff's Objection to the Report and Recommendation is meritless and essentially a second attempt to make the same arguments asserted in the Motion for Sanctions. The Court does not agree. The Plaintiffs' Motion for Sanctions as well as the Objection before the Court are both well taken. The undersigned is particularly familiar with the troublesome conduct and the delays caused by Murphy and Landen—and admittedly this decision is a close call. The Plaintiffs repeatedly accuse defense counsel of blatantly lying to the Court when making their arguments concerning the elements of the business judgment rule. Some of the Plaintiffs' arguments are quite substantive, but some are not. Some of Murphy and Landen's assertions were inaccurate, and both Murphy and Landen were negligent in making certain statements; but, some of their explanations are plausible. Their strategy no doubt extended these proceedings, multiplied costs, and in the end provided no benefit to their client. Ultimately, however, the evidence in the case does not convincingly support the Plaintiffs' accusations of fraud on the Court to warrant sanctions. The Court will not find that defense counsel's conduct has been vexatious under 28 U.S.C. § 1927, which is marked by intentional bad

5

faith or at least recklessness with respect to the law. *See Ordower v. Feldman*, 826 F.2d 1569, 1574 (7th Cir. 1987). Thus, the Court determines that the Objection by the Plaintiffs does not change the Report and Recommendation's analysis or conclusion regarding the Plaintiffs' "fraud on the Court" argument.

### III. CONCLUSION

For the reasons stated above, the Court **OVERRULES** the Plaintiffs' Objection ([Filing No. 346](#)), **ADOPTS** the Magistrate Judge's Report and Recommendation ([Filing No. 344](#)), and **DENIES** the Plaintiffs' Motion for Sanctions ([Filing No. 311](#)).

**SO ORDERED.**

Date: 3/6/2019

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

DISTRIBUTION:

Mark Wohlford
BOSE MCKINNEY & EVANS, LLP
mwohlford@boselaw.com

Philip R. Zimmerly
BOSE MCKINNEY & EVANS, LLP
pzimmerly@boselaw.com

Andrew M. McNeil
BOSE MCKINNEY & EVANS, LLP
amcneil@boselaw.com

Steven M. Badger
BARNES & THORNBURG, LLP
steve.badger@btlaw.com

T. Joseph Wendt
BARNES & THORNBURG, LLP
jwendt@btlaw.com

Jacques C. Condon
CONDON LAW FIRM LLC
jacques@condon-law.com

Bernie W. (Too) Keller
KELLER MACALUSO LLC
too@kellermacaluso.com

Eric J. Neidlinger
KELLER MACALUSCO LLC
eneidlinger@kellermacaluso.com